IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL HILL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA | : | |
| POLICE OFFICER SEABRON | : | NO. 11-1840 |

# MEMORANDUM OPINION

**L. Felipe Restrepo**                                                                                   **March 1, 2012**
**United States Magistrate Judge**

      Plaintiff, Daniel Hill, initiated this civil action against the City of Philadelphia and Police Officer Seabron on March 15, 2011.  See Compl. 4. (Doc. 1.)  Plaintiff asserts jurisdiction and brings an excessive force claim under 42 U.S.C. § 1983.  Id.  Plaintiff also asserts pendent state law claims for assault and battery.  Id. at 1, 10.  The parties agreed to dismiss the City of Philadelphia as a defendant on February 17, 2012.  See Trial Tr. 3.

      Plaintiff is a letter carrier for the United States Postal Service.  See Compl. 5.  Plaintiff claims that, on the morning of April 18, 2009, while delivering mail, he was traversing an accident scene that P.O. Seabron had surrounded with yellow caution tape when he was struck by P.O. Seabron, causing him injury.  See id. at 5-6.  Plaintiff alleges that he thought he heard P.O. Seabron give him verbal permission to proceed through the accident scene.  See id. at 6.  Plaintiff contends that P.O. Seabron's actions constituted excessive force and assault.  See id. at 8-11.

      Defendant denies that she struck Mr. Hill, and claims that she extended her hand, palm out, to indicate that Mr. Hill should not cross into the taped-off accident scene, and Mr. Hill walked into her hand.  See Trial Tr. 48.  A bench trial was held on February 17, 2012.  Upon consideration of the testimony of Mr. Hill and P.O. Seabron, photographs of the scene (Pl.'s Ex.

1-7), medical records (Pl.'s Ex. 8), and argument from counsel for both parties, the Court finds as follows:

The Fourth Amendment to the United States Constitution protects a person from being subjected to excessive force while being stopped by the police. See Graham v. Conner, 490 U.S. 386, 394 (1989). In determining whether P.O. Seabron's actions constituted excessive force, this Court must decide whether her actions were "reasonable" under the circumstances, judged from the perspective of a reasonable officer on the scene. See id. at 395-96. This Court finds that Plaintiff has failed to meet his burden of proving that P.O. Seabron acted unreasonably under the circumstance.

First, Plaintiff admitted crossing under the police tape placed around the accident scene by P.O. Seabron. See Trial Tr. 15. He acknowledged that he knew that the police tape indicated that he should not cross into the taped-off area. Id. at 25. Further, he acknowledged that he could have walked around that taped-off accident scene. Id. at 28. Moreover, P.O. Seabron gave uncontested testimony that other pedestrians in the area, including a person in a wheelchair, went around the taped-off area rather than through it. Id. at 46. Although Plaintiff testified that he asked the officer for permission to cross under the cation tape and thought she said, "go," it was possible that she said, "no." Id. at 25-26. P.O. Seabron testified that she did not tell Plaintiff that he could traverse the taped-off accident scene. Id. at 47.

Second, the Court finds it more likely that Plaintiff walked into P.O. Seabron's outstretched hand then that he was affirmatively struck. Plaintiff testified that he was looking down while traversing under the yellow caution tape, and that he felt, rather than saw, P.O. Seabron "stiff-arm" him. Id. at 30-31. P.O. Seabron credibly testified that she did not deliver a blow to Plaintiff, but rather extended her hand, palm pointed out, to indicate that Plaintiff should

stop, and Plaintiff walked into her hand.  Id. at 48.

Finally, although not dispositive on the question of whether the officer's actions constituted excessive force, it is worthy of note that there is no objective evidence showing that Plaintiff was meaningfully injured.  Both Plaintiff and P.O. Seabron testified that Plaintiff did not indicate to the officer that he was injured.  Id. at 34, 48.  Plaintiff testified that he delivered mail to the remainder of the block immediately following the incident, was able to return to work the day after the incident, and did not miss work due to the incident.  Id. at 34, 36-37.  Moreover, Plaintiff's medical records do not contain any objective indication that Plaintiff suffered any injury.  See Pl.'s Ex. 8.  The records contain no indication that Plaintiff had a bruise or abrasion, and a study of the affected area taken at Mercy Philadelphia Hospital found that Plaintiff had "no right-sided rib fractures."  Id. at Bates No. 41.  Plaintiff's lack of significant, verifiable injury further supports the conclusion that Plaintiff walked into P.O. Seabron's hand, and did not sustain an affirmative blow.

For these reasons, the Court finds that the Plaintiff did not meet his burden of proof, and enters judgment in favor of the Defendant, P.O. Seabron, on both counts.

By the Court:


/s/ L. Felipe Restrepo
L. Felipe Restrepo
United States Magistrate Judge